IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. 3:22-CV-00905-E | |
| § | | |
| CRIMSON BUILDING COMPANY LLC, § § | | |
| Defendant. § § § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Crimson Building Company LLC's Motion To Dismiss Pursuant To Federal Rules of Civil Procedure 12b(1) and 12b(6), filed May 20, 2022 (Defendant's Motion). (Doc. 7). Plaintiff has filed no response or corresponding briefing. After review of the pleadings and Plaintiff's Motion, the Court GRANTS the motion to dismiss for the reasons enumerated hereunder.

### I. BACKGROUND

This is a dispute over insurance coverage in the context of indemnification—whether Plaintiff has the duty to indemnify Defendant for damages relating to an ongoing, different litigation between Defendant and Performance Living, LLC (Performance). As pled in the Complaint: "Performance filed the underlying lawsuit styled *Performance Living, LLC v. Crimson Building Company, LLC*, Cause No. DC-19-03021, in the 191st Judicial District Court of Dallas County" (Underlying Lawsuit). (Doc. 1 at 2). Plaintiff pled (i) Performance entered into an agreement with Defendant for construction work; (ii) that Performance alleged Crimson began some work; and (iii) that Performance "complains [in the Underlying Proceeding] that Crimson

failed to follow plans and specifications in building the homes, failed to provide a full-time dedicated builder to monitor the project as required under their contract and the worksite was not properly maintained." (Doc. 1 at 2-3). The Complaint attaches a document from the Underlying Lawsuit entitled "Plaintiff's Fourth Amended Petition."[1]

Plaintiff does not dispute its coverage regarding defense Defendant in the Underlying Proceeding. (Doc. 1 at 5) ("Cincinnati has been providing Crimson with a defense in Performance Living's lawsuit under as [sic] complete Reservation of Rights, including the right to file a declaratory judgment action and seek reimbursement of attorney's fees and costs."). However, Plaintiff asserts four "counts" that (i) "no coverage exists for performance living's claims of fraud, breach of contract, negligent misrepresentation and money had and received;" (ii) "no coverage for damage to real property under exclusion J(5);" (iii) "no coverage for damage to real property under exclusion J(6);" and (iv) "no coverage [exists] under the insuring agreement." (Doc. 1 at 5-7). As to requested relief, Plaintiff requests for the Court to:

> a. Adjudicate the rights of the parties under the Cincinnati policy;
> b. Find and declare that Cincinnati does not have a duty to indemnify Crimson in the underlying action;
> c. Find and declare that Cincinnati does not have to pay any judgment against Crimson in the underlying action;
> d. Award Cincinnati its costs in this action, as well as any other relief that this Court deems equitable, just and proper.

(Doc. 1 at 7).

On May 20, 2022, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7). Plaintiff has not responded to Defendant's Motion at any time. The issue is now ripe for consideration.

---

[1] Defendant avers that Performance's operative Petition in the Underlying Proceeding is "the Fifth Amended Petition, which was filed on April 22, 2022" (Doc. 7 at 2 n.1).

## II.   LEGAL STANDARDS

### A. Lack of Subject Matter Jurisdiction and Ripeness

A district court properly dismisses a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). The burden of establishing subject matter jurisdiction lies with the party asserting jurisdiction. *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).

"Because ripeness is a component of subject matter jurisdiction, a court does not have the power to decide claims that are not yet ripe." *Avalon Residential Care Homes, Inc. v. City of Dallas,* No. 3:11–cv–1239–D, 2011 WL 4359940, at *5 (N.D. Tex. Sept. 19, 2011) (citing *Sample v. Morrison,* 406 F.3d 310, 312 (5th Cir. 2005)). A declaratory judgment action is ripe for adjudication only if an actual controversy exists. *See Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000). When determining ripeness, the two primary considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Avalon Residential Care Homes, Inc.,* 2011 WL 4359940, at *5 (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

### B. Failure to State a Claim Upon Which Relief May be Granted

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

### III.   ANALYSIS

### A. Duty to Indemnify under Texas Law

In this diversity case, Texas law governs all substantive issues. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.,* 351 F.3d 642 (5th Cir. 2003). "In liability insurance policies generally, an insurer assumes both [(i)] the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and [(ii)] the duty to defend any lawsuit brought against the

insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent, subject to the terms of the policy. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (internal quotation omitted). However, under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties." *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004); *see, e.g.*, *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 844 (5th Cir. 2012) (discussing the same). "[A]n insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Ins. Co. v. Peachtree Constr. Ltd.,* 647 F.3d 248, 253 (5th Cir. 2011) (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997)).

Texas recognizes an exception to this general rule. *See Griffin,* 955 S.W.2d at 84. "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Griffin,* 955 S.W.2d at 84. The *Griffin* exception is "fact specific" and should not be construed broadly. *D.R. Horton*, 300 S.W.3d at 744. It applies if "under the facts pled by the plaintiff[] it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co.,* 334 S.W.3d 217, 220 (Tex. 2011) (recognizing that the *Griffin* exception was established due to the impossibility of using extrinsic evidence to transform an intentional tort of a drive-by-shooting into a car accident that could be covered under the insurance policy); *D.R. Horton,* 300 S.W.3d at 745 (same). Thus, the *Griffin* exception applies if (i) the insurer has no duty to defend, and (ii) the same reasons— that negate the duty to defend— likewise negate any possibility the insurer will ever have

a duty to indemnify. *See Griffin,* 955 S.W.2d at 84; *Burlington N. & Santa Fe Ry. Co.,* 334 S.W.3d at 219–220; *D.R. Horton,* 300 S.W.3d at 745.

### B. Whether Plaintiff's Claims are Ripe

Here, Defendant argues that Plaintiff's action is not ripe because (i) Plaintiff has exclusively sought declaratory judgment relief that no indemnification coverage exists under the Policy and (ii) the Underlying Lawsuit has not been resolved. (Doc. 7 at 5-6). Plaintiff has offered no response, whatsoever. Under these circumstances, the Court agrees with Defendant that this matter is not ripe for determination.

It is undisputed that the Underlying Lawsuit has not resolved and that, consequently, the Texas state court has made no determination of Defendant's liability—if any. (*See* Doc. 1). To date, neither Plaintiff nor Defendant has informed the Court that the Texas state court has determined whether Defendant is liable in the underlying lawsuit. Generally, the instant case would not be ripe until the Texas state court's determination of liability. *See Northfield Ins. Co. v. Loving Home Care, Inc.,* 363 F.3d 523, 536–37 (5th Cir. 2004). Nevertheless, the Court may accept jurisdiction in "limited circumstances" under the *Griffin* exception. *Klein v. O'Neal, Inc.,* 2009 WL 3573849, at *4 (citing *Griffin,* 955 S.W.2d at 84); *see also Northfield Ins.,* 363 F.3d at 536–37.

The Court finds this is not one of the "limited circumstances" where *Griffin* applies. Here, there has been neither briefing nor argument denying that Plaintiff has a duty to defend. Indeed, as pled, Plaintiff concedes that it has been defending Defendant in the Underlying Lawsuit under a reservation of rights. (Doc. 1 at 5). Otherwise, there has also been no briefing, argument, or finding in this case that the "same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *See Griffin,* 955 S.W.2d at 84. In light of the

foregoing, the Court declines to apply the *Griffin* test to this case. *See Northfield Ins.,* 363 F.3d at 529 (providing that the duty-to-indemnify question is non justiciable unless the "same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify"). Accordingly, the Court must find and conclude that the case is not ripe.

### C. Declaratory Judgment

Additionally, the Court exercises its discretion in declining to make a declaration as to the duty to indemnify. "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *See Paschal v. Lykes Bros. S.S. Co.,* 264 F.Supp. 836, 839 (S.D. Tex. 1966) (quoting *Public Affairs Assocs. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962)). "[A] federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal." *Employers' Liability Assur. Corp. v. Mitchell,* 211 F.2d 441, 443 (5th Cir. 1954); *see also Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.,* 267 F.Supp.2d 601, 606 (E.D. Tex. 2003). Here, under the Court's construction of the insurance policy, some facts determined here could overlap with those facts to be decided in the state court action. For instance, the Complaint requests for the Court to "[a]djudicate the rights of the parties under the Cincinnati policy." (Doc 1 at 7). The Complaint includes several provisions of the Policy relating to coverage and defined terms—including "property damage" and the "work" Defendant performed. (Doc. 1 at 3-5). The Court anticipates that whether Defendant caused "property damage" in association with its "work" for Performance are issues to be addressed by the Texas state court—potentially addressed by a jury. However, declaratory findings from this Court regarding those terms could conflict with the Texas state court's determination(s). Furthermore, the Court finds that further factual development is required in the Underlying Lawsuit to determine

liability. *See Orix Credit Alliance*, 212 F.3d at 895–96; *Mid Continent Cas. Co. v. Harvest Petroleum, Inc.*, No. 7:07–cv–121, 2009 WL 2575983, at *2 (N.D. Tex. Aug. 20, 2009). Based on the foregoing, the Court exercises its discretion in declining jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court finds and concludes that Defendant's Motion to Dismiss, (Doc. 6), should be and is hereby **GRANTED**. Accordingly, this action is dismissed without prejudice.

**SO ORDERED.**

24th day of February, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE